IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Respondent, | ) | |
| v. | ) | 7:06-CV-187-R |
| | ) | |
| STEPHEN WAYNE NORWOOD, | ) | (Criminal No. 7:03-CR-009-R) |
|     Movant. | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is a motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. § 2255. In a two-count indictment, Stephen Wayne Norwood was charged with Count 1, Possession of a Firearm by a Convicted Felon and, Count 2, Possession of Ammunition by a Convicted Felon. He entered a plea of guilty and was thereafter found guilty on Count 2. Count 1 of the indictment was dismissed pursuant to the government's motion. On August 24, 2004, Norwood was sentenced 210 months in the custody of the Bureau of Prisons to be followed by a five-year term of supervised release.

Norwood appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On November 28, 2005, the Court of Appeals affirmed Norwood's conviction but vacated his sentence and remanded the case to the district court for re-sentencing in accordance with *Shepard v. United States*, 544 U.S. 13 (2005) and *United States v. Booker*, 543 U.S. 220 (2005). The opinion issued as mandate on December 20, 2005. On July 28, 2006, Norwood was re-sentenced to 180 months in prison to be followed by a five-year term of supervised release. On August 3, 2006, Norwood filed a notice of appeal to the Fifth Circuit Court of Appeals. The appeal remains pending. *U.S.A. v. Norwood*, No. 06-10846 (5th Cir.).

In the instant motion, Norwood challenges the revocation of his State parole, the propriety of the State parole violator warrant, the jurisdiction of the State of Texas to incarcerate him and the validity of his conviction and sentence in the instant case. *Motion to Vacate, ¶¶ 12.A-D; Attachment to Motion Under § 2255; Brief in Support of Motion to Vacate.* He also seeks to challenge the calculation of his credit for time served in federal prison, a State prison disciplinary action and the loss of good-time credits applicable to his State sentence. *Brief in Support of Motion to Vacate.*

The Fifth Circuit has long held that a district court should not entertain a § 2255 motion during the pendency of a direct appeal because the disposition of the appeal may render the motion moot. *See, e.g., United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n. 1 (5th Cir. 1991) (district court correctly dismissed collateral attack on conviction pending the outcome of defendant's direct appeal); *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal). The instant motion is, therefore, subject to dismissal as premature.

The Court notes that, in addition to attacking the conviction and sentence in this case, Norwood has raised habeas issues unrelated to the instant conviction and sentence. Claims for relief regarding the calculation of time served on his federal sentence and his challenges to State parole revocation, State prison disciplinary proceedings and any State conviction should be filed in a separate habeas action, not as a motion in this case. Norwood is put on notice that there is a one-

year statute of limitations applicable to habeas petitions filed under 28 U.S.C. § 2254 and motions to vacate filed under 28 U.S.C. § 2255.

For the foregoing reasons, it is ORDERED that the § 2255 motion is dismissed without prejudice.

It is further ORDERED that, to the extent Movant presents issues cognizable in habeas petitions filed under 28 U.S.C. § 2241 and/or § 2254, such claims are dismissed without prejudice.

SO ORDERED this 14th day of November, 2006.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE